## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**RODNEY DALE MYERS,**

**Plaintiff,**

**v.**                                                    **Case No. 3:21-cv-00499**

**KENOVA POLICE DEPARTMENT;**
**WAYNE COUNTY CIRCUIT COURT,**

**Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his

- 1 -

complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges the following:

1. He was arrested for possession with intent to deliver in Kenova, West Virginia on August 24, 2020.

2. A suppression hearing was held on April 7, 2021, and the Court found in favor of Plaintiff.

3. He was released on April 8, 2021 and learned that the Kenova Police Department had given away all of his belongings.

(ECF No. 2 at 4-5). Plaintiff seeks compensatory damages for wrongful incarceration, "putting his life in danger at the height of covid 19." (*Id.* at 5). In order for the undersigned to complete a preliminary review of the merits of the complaint and rule on the motion to proceed *in forma pauperis*, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Plaintiff has stated no factual allegations supporting a claim against the Circuit Court of Wayne County. First, under § 1983, Plaintiff must identify a person— not an entity like the Court—as the defendant in a civil rights action. The Court is not a person and cannot be sued under § 1983. Second, if Plaintiff intended to sue Judge Fry, then Plaintiff must allege factual support for the claim. Judge Fry's decision to grant Plaintiff's suppression motion is not a violation of Plaintiff's constitutional rights. To the contrary, it is a recognition of those rights. Therefore, to maintain a case against Judge Fry, Plaintiff must expressly name Judge Fry as a defendant and must include allegations in an amended complaint that state a plausible claim against him. Plaintiff is advised, however, that stating such a claim will be difficult, because judicial officers,

- 2 -

when acting within the scope of their authority, "are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983" even if such acts were allegedly done maliciously, corruptly, or in bad faith and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted); *Plotzker v. Lamberth*, No. 3:08-cv-00027, 2008 WL 4706255, at *4 (W.D. Va. Oct. 22, 2008) (citations omitted). This long-standing common law doctrine is "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity ensures that while a judge's actions are "subject to correction on appeal or other authorized review," they do "not expose him to a claim for damages in a private action, or put him to the trouble and expense of defending such an action." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985).

2. Plaintiff shall provide *factual* statements, including dates and events, which set forth the manner in which the Kenova Police Department allegedly violated Plaintiff's civil or constitutional rights. Plaintiff must bear in mind that in order to state a cause of action for money damages under 42 U.S.C. § 1983, he must show that an individual (the defendant) was acting under color of state law and deprived Plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694 (1978). Therefore, claims

asserted against an individual or entity solely because it is an employer or supervisor are not cognizable under § 1983. Supervisory officials may be held liable for the constitutional violations of those in their charge only when "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in the constitutional injuries [the subordinates] inflict on those committed to their care." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368, 372-73 (4th Cir. 1984)). To state a claim against an individual under a theory of supervisory liability, Plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Moreover, while a municipality may be liable under § 1983 when a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom or policy, the plaintiff must expressly identify the suspect law, custom, or policy in his complaint. *See Bd. of County Commis of Bryan County v. Brown,* 520 U.S. 397, 411 (1997) ("A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) ("[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered.") (internal quotations omitted); *Edwards,* 178 F.3d at

244 (municipal liability results when the execution of an unconstitutional governmental policy or custom inflicts injury); *Jordan by Jordan v. Jackson,* 15 F.3d 333, 338 (4th Cir. 1994) ("Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."). Plaintiff has not identified any particular employee of the Police Department who allegedly violated his rights, nor has he demonstrated a basis for liability against the City of Kenova itself. Consequently, Plaintiff's amended complaint must identify individual(s) allegedly at fault for a violation of his rights, and must include facts supporting his claim. If Plaintiff seeks to maintain a claim against the municipality, then he must identify the suspect custom, policy or law and include factual allegations supporting that claim.

3.  It is not clear whether Plaintiff seeks reimbursement for his belongings, or solely for the days he spent incarcerated. Plaintiff must identify the nature of all of the injuries he claims to have suffered as a result of the constitutional violations. Plaintiff asserts that his life was put in danger, because he was incarcerated during the COVID-19 pandemic, but he does not claim a physical injury resulting from that exposure. Speculation and conjecture are insufficient to state an injury.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF

No. 1), shall be held in abeyance pending initial review of Plaintiff's amended complaint or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:**  September 8, 2021

Cheryl A. Eifert
United States Magistrate Judge