IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RODNEY DALES MAYES,**

  **Plaintiff,**

v.              **Case No. 3:21-cv-00499**

**KENOVA POLICE DEPARTMENT, and**
**WAYNE COUNTY CIRCUIT COURT,**

  **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1; the Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, as moot; and that this action be removed from the docket of the court.

**I.  Relevant History**

On September 7, 2021, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs, as well as a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). On September 8, 2021, the undersigned entered an Order advising Plaintiff that he would need to amend his complaint in order to avoid dismissal for failure to state

1

a viable claim. (ECF No. 4). In particular, Plaintiff was told that his complaint needed to explain how the Wayne County Circuit Court had violated his rights; provide factual allegations sufficient to state a claim against an individual officer or the City of Kenova; and clarify the nature of his damages. (*Id.*). Plaintiff was advised that his failure to amend the complaint might result in a recommendation of dismissal for failure to state a claim, or for failure to prosecute. Plaintiff was given forty-five days to file the amended pleading. The docket reflects that Plaintiff received this Order.

Eighty-four days after the Order was entered, on December 2, 2021, the undersigned issued a Show Cause Order, because Plaintiff had not amended the complaint, nor responded in any fashion to the Court's Order. In the Show Cause Order, Plaintiff was advised that the undersigned would recommend dismissal of the complaint pursuant to Fed. R. Civ. P. 41 and L. R. Civ. Pro. 41.1, unless Plaintiff complied with the Court's prior Order and submitted an amended complaint within thirty days. The docket reflects that Plaintiff received the Show Cause Order. However, well over thirty days have elapsed since the Order was entered, and Plaintiff has failed to submit an amended complaint or otherwise communicate with the Court.

**II.    Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id*. at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply

with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, in turn, the undersigned concludes that

---

[1] Fed. R .Civ .P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed. R. Civ. P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L. R. Civ. P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

dismissal is warranted. A review of the docket demonstrates that Plaintiff received two court orders stating that he must file an amended complaint in order to withstand dismissal on initial screening; yet, he failed to abide by that directive. Moreover, since initiating the case in September 2021, Plaintiff has made no effort to check on the status of the matter or contact the court regarding the orders that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for over four months, and during that time there has been no action by, nor communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has disregarded two court orders, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Therefore, given that Plaintiff has failed to file his amended complaint, the court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claim is unknown. Therefore, the undersigned recommends that dismissal be **without prejudice** to account for the possibility that Plaintiff's dilatoriness is excusable and there is good cause to reopen or reinstitute the claim.

### III.   Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and

**RECOMMENDS** that the complaint be **DISMISSED**, without prejudice; the Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, as moot; and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**DATED**: January 25, 2022

Cheryl A. Eifert
United States Magistrate Judge